# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1750V
#### UNPUBLISHED

| | |
|---|---|
| MAIRI LUCE,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 3, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA*, for Petitioner.

*James Vincent Lopez, U.S. Department of Justice, Washington, DC*, for Respondent.

### RULING ON ENTITLEMENT[1]

On December 3, 2020, Mairi Luce filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner filed an Amended Petition on April 8, 2021. Petitioner alleges that she suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA") – as a result of her January 7, 2019 influenza ("flu") vaccination. Amended Petition at 1. Petitioner further alleges that she received the vaccine within the United States, that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. Amended Petition at ¶¶ 33-35. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

      On May 2, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates "that [P]etitioner has satisfied the criteria set forth in the Table and the Qualifications and Aids to Interpretation ("QAI") for SIRVA." *Id.* at 7 (citing 42 C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10)). Respondent further agrees that "the records show that [P]etitioner timely filed her case, that she received a flu vaccine in the United States, and that she satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration." *Id.* (citing § 11(c)(1)(D)(i)).

      **In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

      IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
